# EXHIBIT B

RECEIVED
APR 28 2004
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

MAVERICK RECORDING COMPANY, a California joint venture; UMG RECORDINGS, INC., a Delaware corporation; WARNER BROS. RECORDS INC., a Delaware corporation; MOTOWN RECORD COMPANY, L.P., a California limited partnership; ATLANTIC RECORDING CORPORATION, a Delaware corporation; CAPITOL RECORDS, INC., a Delaware corporation; VIRGIN RECORDS AMERICA, INC., a California corporation; BMG MUSIC, a New York general partnership; and SONY MUSIC ENTERTAINMENT INC., a Delaware corporation,

Plaintiffs,

vs.

DOES 1 - 2,

Defendants.

CA 04 149 ML

Civil No.

**ORDER GRANTING PLAINTIFFS' *EX PARTE* APPLICATION FOR LEAVE TO TAKE IMMEDIATE DISCOVERY**

Upon the *Ex Parte* Application of Plaintiffs for Leave to Take Immediate Discovery and the supporting Memorandum of Law, the declaration of Jonathan Whitehead and the exhibit thereto, and Plaintiffs' Request for Judicial Notice it is hereby:

ORDERED that Plaintiffs may serve immediate discovery on Brown University to obtain the identity of each Doe Defendant by serving a Rule 45 subpoena that seeks information sufficient to identify each Doe Defendant, including the name, address, telephone number, e-mail address, and Media Access Control addresses for each Defendant.

IT IS FURTHER ORDERED THAT any information disclosed to Plaintiffs in response to the Rule 45 subpoena may be used by Plaintiffs solely for the purpose of protecting Plaintiffs' rights under the Copyright Act.

Dated: April 28, 2004

Mary M. Lisi
United States District Judge

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **LONDON-SIRE RECORDS INC., et al.,** ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | **C.A. No. 04-12434-NG** |
| ) | **LEAD DOCKET NUMBER** |
| **DOES 1-4,** ) | |
| **Defendants.** ) | |

**GERTNER, D.J.:**

**ORDER RE: EXPEDITED DISCOVERY**
June 20, 2005

On April 20, 2005, and June 1, 2005, the Court consolidated twenty-three cases under the above captioned lead case. As a result of the consolidation, thirteen motions for leave to take immediate discovery were left pending.[1] Plaintiffs have now renewed those motions by way of a single motion filed under the lead case, Plaintiffs' Renewed Motion for Leave to Take Immediate Discovery [document #27]. Plaintiffs' renewed motion is hereby

---

[1] The following are the motions left pending in the consolidated cases:
(1) Capitol Records, Inc., et al. v. Does 1-2, C.A. 05-10565 [document #2];
(2) Virgin Records America, Inc., et al. v. John Doe, C.A. 05-10566 [document #2];
(3) Sony BMG Music Entertainment, et al. v. John Doe, C.A. 05-10567 [document #2];
(4) Atlantic Recording Corp., et al. v. Does 1-3, C.A. 05-10568 [document #2];
(5) Interscope Records, et al. v. John Doe, C.A. 05-10569 [document #2];
(6) Capitol Records, Inc., et al. v. Does 1-11, C.A. 05-10731 [document #2];
(7) Motown Record Co., et al. v. Does 1-22, C.A. 05-10732 [document #2];
(8) Atlantic Recording Corp., et al. v. Does 1-25, C.A. 05-10733 [document #2];
(9) London-Sire Records Inc., et al. v. Does 1-25, C.A. 05-10734 [document #2];
(10) Sony BMG Music Entertainment, et al. v. Does 1-2, C.A. 05-11099 [document #4];
(11) Motown Record Co., et al. v. Does 1-6, C.A. 05-11100 [document #4];
(12) Artista Records LLC, et al. v. Does 1-8, C.A. 05-11101 [document #4]; and
(13) Elektra Entertainment Group Inc., et al. v. John Doe, C.A. 05-11102 [document #4].

**GRANTED** with respect only to the thirteen discovery motions left pending in the consolidated cases.

It is further **ORDERED** as follows:

1. Plaintiffs may take immediate discovery of Assumption College, Boston University, Brandeis University, Harvard University, the Massachusetts Institute of Technology, Suffolk University, Tufts University, and the University of Massachusetts-Amherst to obtain the identity of each Doe defendant by serving a Rule 45 subpoena that seeks information sufficient to identify each Doe defendant, including name, address, telephone number, e-mail address, and Media Access Control addresses for each Doe defendant. No further information about the Doe defendants shall be revealed;
2. Plaintiffs may use the information obtained by this Rule 45 subpoena solely for the purpose of protecting plaintiffs' rights under the Copyright Act;
3. Plaintiffs shall attach the Court Directed Notice Regarding Issuance of Subpoena, a copy of which is attached to this Order, to their Rule 45 subpoena. The Rule 45 subpoena shall instruct the college or university to distribute a copy of the Notice to each Doe defendant within seven days of service of the subpoena.

4. The Rule 45 subpoena shall also instruct the college or university not to respond to the subpoena until fourteen days after each Doe defendant has received the Notice.

5. Any future notices to any defendant in this case or any related case filed in the District of Massachusetts must be pre-approved by the Court and filed on the record.

**SO ORDERED.**

**Dated: June 20, 2005** **s/ NANCY GERTNER U.S.D.J.**

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

MOTOWN RECORD COMPANY, L.P., a California limited partnership; UMG RECORDINGS, INC., a Delaware corporation; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; and WARNER BROS. RECORDS INC., a Delaware Corporation

v. Case No. 05-cv-181-JM

JOHN DOE

ORDER GRANTING PLAINTIFFS' EX PARTE APPLICATION
FOR LEAVE TO TAKE IMMEDIATE DISCOVERY

Upon Plaintiffs' *Ex Parte* Application for Leave to Take Immediate Discovery, the annexed Declaration of Steven E. Cole, Esq. , the annexed Declaration of Jonathan Whitehead and the exhibit thereto, and the accompanying Memorandum of Law, it is hereby:

ORDERED that Plaintiffs may serve immediate discovery on University of New Hampshire to obtain the identity of Doe Defendant by serving a Rule 45 subpoena that seeks information sufficient to identify Doe Defendant, including the name, address, telephone number, e-mail address, and Media Access Control addresses for Defendant.

IT IS FURTHER ORDERED THAT any information disclosed to Plaintiffs in response to the Rule 45 subpoena may be used by Plaintiffs solely for the purpose of protecting Plaintiffs rights under the Copyright Act.

Dated: June 8, 2005

/s/ James R. Muirhead
James R. Muirhead
United States Magistrate Judge

JS 44 (Rev. 1/07 RI)

# CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ARISTA RECORDS LLC; BMG MUSIC; CAPITOL RECORDS, INC.; CAROLINE RECORDS, INC.; ELEKTRA ENTERTAINMENT GROUP INC.; INTERSCOPE RECORDS; SONY BMG MUSIC ENTERTAINMENT; UMG RECORDINGS, INC.; VIRGIN RECORDS AMERICA, INC.; WARNER BROS. RECORDS INC.; and ZOMBA RECORDING LLC

**(b)** County of Residence of First Listed Plaintiff New York County, NY
(EXCEPT IN U.S. PLAINTIFF CASES)

**DEFENDANTS**
**DOES 1 - 4**

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

**James E. O'Neil**
**The Meadows, Suite A103**
**1130 Ten Rod Road**
**North Kingstown, RI 02852**
**Telephone: (401) 667-7111**
**Facsimile: (401) 667-7112**

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)

(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an 'X' in One Box Only)

**Admiralty**
- ☐ 340 Marine (Injury to Seamen)
- ☐ 120 Marine (Other)

**Admin/Agency Appeals Other**
- ☐ 890 Other Statutory Actions (APA Appeals, IDEA Appeals, Other)

**Bankruptcy**
- ☐ 422 Appeal 28 U.S.C. § 158
- ☐ 423 Withdrawal 28 U.S.C. § 157

**Banks and Banking**
- ☐ 140 Negotiable Instrument
- ☐ 430 Banks and Banking
- ☐ 875 Customer Challenge to Subpoena (12 U.S.C. § 3410)

**Business and Commercial**

**Anti-trust**
- ☐ 410 Antitrust

**Construction Contracts**
- ☐ 130 Miller Act
- ☐ 190 Other Contracts

**Securities Law & Stockholder Suits**
- ☐ 160 Stockholders' Suits
- ☐ 850 Securities/ Commodities/ Exchange

**Other – Business/Comm.**
- ☐ 196 Franchise
- ☐ 490 Cable/Satellite TV

**Consumer Credit**
- ☐ 371 Truth in Lending
- ☐ 480 Consumer Credit
- ☐ 190 Other Contracts

**Civil Rights**

**Constitutional Law**
- ☐ 950 Constitutionality of State Statutes
- ☐ 440 Other Civil Rights (Constitutionality of Federal Statutes)

**Elections and Voting**
- ☐ 400 State Reapportionment
- ☐ 441 Voting

**Other – Civil Rights**
- ☐ 440 Other Civil Rights
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 446 Americans with Disabilities

**Copyright & Trademark (Intellectual Property)**
- ☒ 820 Copyrights
- ☐ 840 Trademark

**Employment and**

**Employment Discrimination**
- ☐ 442 Employment
- ☐ 445 Amercians with Disabilities-Employment
- ☐ 440 Other –Civil Rights

**ERISA**
- ☐ 791 Employment Ret. Inc. Security Act

**Other Employment Benefits**
- ☐ 190 Other – Contract
- ☐ 442 Other – Employment

**Environmental Law**
- ☐ 893 Environmental Matters

**Indian Law**
- ☐ 890 Other Statutory Actions

**Insurance**
- ☐ 110 Insurance Contract

**Labor and Occupational Safety**
- ☐ 660 Occupational Safety/Health
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 730 Labor/Management Reporting and Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation

**Miscellaneous Civil Cases**
- ☐ 150 Recovery of Overpayment and Enforcement of Judgment (Collection)
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (excluding Veterans)
- ☐ 153 Recovery of Overpayment of Veterans' Benefits
- ☐ 370 Other Fraud
- ☐ 440 Other Civil Rights (Immigration/Deportation)
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 610 Agriculture
- ☐ 620 Other Food and Drug
- ☐ 625 Drug related seizure of property
- ☐ 630 Liquor Laws
- ☐ 640 Railroad and Truck

**Miscellaneous Civil Cases Continued**
- ☐ 650 Airline Regs.
- ☐ 690 Other (Forfeiture)
- ☐ 690 Other (Health Care)
- ☐ 810 Selective Service
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party (26 U.S.C. § 7609)
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination under Equal Access to Justice Act

**Patents (Intellectual Property)**
- ☐ 830 Patent

**Prisoner Petitions**
- ☐ 510 Motions to Vacate Sentence (2254)
- ☐ 510 Motions to Vacate Sentence (2255)
- ☐ 530 General (Habeas)
- ☐ 535 Death Penalty
- ☐ 540 Mandamus and Other
- ☐ 550 Civil Rights (1983)
- ☐ 555 Prison Condition (1983)

**Real and Personal Property**

- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 290 All Other Real Property
- ☐ 380 Other Personal Property Damage

**RICO**

- ☐ 470 RICO

**Social Security**

- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**Torts and Personal Injury**

**Mass Torts**

- ☐ 360 Other Personal Injury

**Products Liability**

- ☐ 195 Contract Product Liability
- ☐ 245 Tort Product Liability
- ☐ 315 Airplane Product Liability
- ☐ 345 Marine Product Liability
- ☐ 355 Motor Vehicle Product Liability
- ☐ 365 Personal Injury Product Liability
- ☐ 385 Property Damage Product Liability

**Professional Malpractice**

- ☐ 362 Personal Injury -Med. Malpractice

**Motor Vehicle Accidents/Slip and Fall**

- ☐ 350 Motor Vehicle
- ☐ 360 Other Personal Injury

**Other Torts and Personal Injury incl. Asbestos cases**

- ☐ 360 Other Personal Injury (Fed. Tort Claims Act)
- ☐ 310 Airplane
- ☐ 320 Assault, Libel and Slander
- ☐ 330 Federal Employers' Liability
- ☐ 360 Other Personal Injury
- ☐ 368 Asbestos Personal Injury

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district
☐ 6 Multidistrict Litigation (Specify)
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing **(Do not cite jurisdictional statutes unless diversity)**

*17 U.S.C. § 501 et seq.*

Brief description of the cause:

**copyright infringement**

**VII. REQUESTED IN COMPLAINT**

☐ Check if this is a Class Action Under F.R.C.P. 23

DEMAND $

JURY DEMAND: ☐ Yes ☒ No
(Check YES only if demanded in complaint)

**VIII. RELATED CASE(S) IF ANY**

JUDGE ______________________ DOCKET NUMBER ______________________

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

December 27, 2007
Date

______________________
Signature of Attorney of Record

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

**I.** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**III.** CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section **II**.

**IV.** NATURE OF SUIT: Place an X in the appropriate box. Make sure to select the Nature of Suit from the category which best describes the primary cause of action found in your complaint. You must select only one nature of suit.

**VIII.** RELATED CASES, IF ANY: This section of the JS-44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

FOR OFFICE USE ONLY

Receipt# __________ Amount __________ Applying IFP __________ Judge __________ Mag. Judge __________

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

MAY 21 2007

**MAVERICK RECORDING COMPANY, et al.,**

**Plaintiffs**

**v.**

**DOES 1-5,**

**Defendants**

**Civil No. 07-91-P-H**

**ORDER RE: EXPEDITED DISCOVERY**

On May 17, 2007, a Complaint seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States, 17 U.S.C. § 101 *et seq*., together with an *Ex Parte* Motion for Leave to Take Immediate Discovery, were filed. The plaintiffs' Motion is hereby **GRANTED,** subject to the following limitations:

1. The plaintiffs may take immediate discovery on Bates College to obtain the identity of each Doe defendant by serving a Rule 45 subpoena that seeks information sufficient to identify each Doe Defendant, including name, address, telephone number, e-mail address, and Media Access Control addresses for each Doe defendant. No further information about the Doe defendants shall be revealed.

2. The plaintiffs may use the information obtained by this Rule 45 subpoena solely for the purpose of protecting plaintiffs' rights under the Copyright Act.

3. The plaintiffs shall attach the Court-Directed Notice Regarding Issuance of Subpoena, a copy of which is attached to this Order, to their Rule 45 subpoena. The Rule 45 subpoena shall instruct Bates College to distribute a copy of the Notice to each Doe defendant within seven days of service of the subpoena.[1]

4. The Rule 45 subpoena shall also instruct Bates College not to respond to the subpoena until fourteen days after each Doe defendant has received the Notice.

5. Any future notices to any defendant in this case or any related case filed in the District of Maine must be pre-approved by the court and filed on the record.

***So Ordered.***

Dated May 18, 2007

/s/ David M. Cohen
David M. Cohen
U.S. Magistrate Judge

[1] *See UMG Recordings, Inc. v. Does 1-4*, No. 06-0652 SBA, 2006 U.S.Dist. LEXIS 32821, 2006 WL 1343597, 64 Fed. R. Serv. 3d 305 (N.D. Ca. Mar. 6, 2006) (Chen, USMJ) (finding it unnecessary to decide whether the Cable Communications Policy Act is applicable to this situation, but determining that such notice complies with 47 U.S.C. § 551(c)(2)(C)(i) and that, in any event, such notice is required in the interest of fairness and pursuant to the provisions of Rule 45 (c)(3)(A)(iii) and (iv).)

## COURT-DIRECTED NOTICE
## REGARDING ISSUANCE OF SUBPOENA

A subpoena has been issued directing the college or university (Bates College) that serves as your Internet Service Provider ("ISP") to disclose your name and contact information. The subpoena has been issued because you have been sued in the United States District Court for the District of Maine in Portland, Maine as a "John Doe" by several major record companies. You have been sued for infringing copyrights on the Internet by uploading and/or downloading music. The record companies have identified you only as a "Doe" and have served a subpoena on your ISP to learn your identity. This notice is intended to inform you of some of your rights and options.

## YOUR NAME HAS NOT YET BEEN DISCLOSED.
## YOUR NAME WILL BE DISCLOSED IN 14 DAYS IF YOU DO NOT CHALLENGE THE SUBPOENA.

Your name has not yet been disclosed. The record companies have given the court enough information about your alleged infringement to obtain a subpoena to identify you, but the court has not yet decided whether you are liable for infringement. Such a determination would be made only after you have been served and had a full opportunity to challenge the entire lawsuit. At this stage of the proceeding you can challenge the subpoena in court. You have 14 days from the date that you received this notice to file a motion to quash or vacate the subpoena. If you file a motion to quash the subpoena, your identity will not be disclosed to the record companies until the motion is resolved (and the companies cannot proceed against you until you are identified). If you do not file a motion to quash, then at the end of the 14 day period, your ISP will send the record company plaintiffs your identification information.